# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ANGEL LUIS ROSARIO,**
an individual,

OCT 9 2026 PM12:07
FILED - USDC - FLMD - TPA

Plaintiff,

v. Case No.: 8:26-cv-3078-KKM-AAS

**EQUIFAX INFORMATION SERVICES LLC,**

Defendant.

______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **Angel Luis Rosario** ("Plaintiff"), appearing pro se, brings this Complaint against Defendant **Equifax Information Services LLC** ("Equifax") and alleges as follows:

## COMPLAINT

1. This action arises out of repeated violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), by Defendant Equifax against Plaintiff.

IFP

2. Plaintiff found inaccurate, incomplete, contradictory, misleading, and/or unverifiable information on Plaintiff's Equifax credit reports and consumer disclosures.

3. Plaintiff disputed that information directly with Defendant Equifax, but Defendant Equifax continued to maintain information concerning Plaintiff that Plaintiff contends was inaccurate, incomplete, contradictory, misleading, and/or unverifiable.

4. Defendant Equifax failed and/or refused to conduct a reasonable reinvestigation after Plaintiff clearly identified the Accounts, the disputed information, and the reasons Plaintiff contended the information was inaccurate, incomplete, contradictory, misleading, and/or unverifiable.

5. Defendant Equifax also failed and/or refused to place Plaintiff's submitted consumer statement in Plaintiff's consumer file to the extent required by the FCRA.

## JURISDICTION

6. This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p because Plaintiff's claims arise under the FCRA.

## VENUE

7. Venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff resides in Polk County, Florida, within the Middle District of Florida, and a substantial portion of the acts, omissions, and injuries giving rise to this action occurred within this District.

## PARTIES

8. Plaintiff Angel Luis Rosario is a natural person and resident of the State of Florida residing in Polk County.

9. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

10. Defendant Equifax Information Services LLC is a nationwide "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

11. Any reference to Defendant Equifax includes Defendant Equifax and its employees, agents, representatives, contractors, and other persons acting within the line and scope of their employment or agency.

## FACTS

### First, A Quick Background On Credit Reporting

12. Credit reporting is a fact of modern life.

13. Plaintiff, like other consumers in America, has little or no choice regarding whether private companies such as Defendant Equifax maintain information

concerning Plaintiff and furnish consumer reports concerning Plaintiff to other companies commonly known as users of consumer reports.

14. Plaintiff's reasonable expectation is that information reported concerning him will be reported accurately and completely.

15. Defendant Equifax is not permitted to report materially inaccurate information.

16. Defendant Equifax is not permitted under the FCRA to report information in a materially incomplete or misleading manner.

17. Congress enacted the FCRA because consumer reporting agencies exercise grave responsibilities affecting consumers and their financial reputations.

## The Dispute Method Of Correcting False Or Incomplete Information Under The FCRA

18. When a consumer discovers inaccurate or incomplete information on the consumer's credit report or consumer disclosure, the consumer has the right to dispute that information directly with Defendant Equifax.

19. The consumer identifies the disputed information and requests that Defendant Equifax investigate so the information may be corrected or deleted as required by law.

20. Defendant Equifax must notify the appropriate furnisher or furnishers of the dispute as required by the FCRA.

21. Defendant Equifax must provide the furnisher or furnishers with all relevant information concerning the dispute received from the consumer as required by the FCRA.

22. Defendant Equifax must also conduct its own reasonable reinvestigation concerning the disputed information.

23. Defendant Equifax must review and consider all relevant information submitted by the consumer.

24. If disputed information is found to be inaccurate or incomplete or cannot be verified, Defendant Equifax must modify or delete the information as required by the FCRA.

## The Accounts At Issue

25. Plaintiff disputed Accounts that appeared on Plaintiff's Equifax consumer disclosure and that Defendant Equifax did not make accurate and complete and/or did not delete.

26. The Accounts not made accurate and complete and/or not deleted include:

a. **NAVY FEDERAL CREDIT UNION**, Account ending 3948;

b. **USAA FEDERAL SAVINGS BANK**, Account ending 2203;

c. **CB/CCI PL CC**, Account ending 2667;

d. **SUNCOAST CREDIT UNION**, Account ending 8362;

e. **TRUIST BANK**, Account ending 4244;

f. **SYNCB/SAMS CLUB**, Account ending 3362;

g. **TRUIST BANK**, Account ending 0185;

h. **CAPITAL ONE BANK USA NA,** Account ending 7052;

i. **AMERICAN EXPRESS**, Account ending 9793;

j. **SUNCOAST CREDIT UNION**, Account ending 0100;

k. **LIGHTSTREAM**, Account ending 8237;

l. **USAA FEDERAL SAVINGS BANK**, Account ending 6755;

m. **GUARDIANS CREDIT UNION**, Account ending 3413;

n. **SYNCB/AMAZON PLCC**, Account ending 8976;

o. **SECURITY CREDIT SERVICES LLC**, Account ending 4845; and

p. **NAVY FEDERAL CREDIT UNION**, Account ending 5665.

27. These accounts will be referred to as the "**Accounts**" in this Complaint.

## Plaintiff Disputed Errors But The False Or Incomplete Information On The Accounts Was Not Corrected Or Deleted By Defendant Equifax

28. On September 3, 2026, Plaintiff prepared a detailed written dispute concerning the Accounts.

29. Plaintiff's dispute concerned Equifax Confirmation Number **6239542328**.

30. The Accounts were clearly described and identified.

31. The errors were clearly explained so Defendant Equifax could understand the nature of Plaintiff's disputes.

32. Plaintiff identified information concerning the Accounts that Plaintiff contended was inaccurate, incomplete, contradictory, internally inconsistent, missing, misleading, and/or unable to be properly verified.

33. Much of the information Plaintiff disputed appeared directly within consumer-disclosure pages produced by Defendant Equifax.

34. Plaintiff included marked copies of Defendant Equifax's consumer-disclosure pages showing where Plaintiff contended information was inaccurate, incomplete, contradictory, missing, misleading, and/or otherwise inconsistent.

35. Plaintiff also disputed inaccurate and/or incomplete personal identifying information maintained by Defendant Equifax.

36. Plaintiff specifically informed Defendant Equifax that Plaintiff's correct name is **Angel Luis Rosario**.

37. Plaintiff requested that Defendant Equifax maintain only accurate personal identifying information concerning Plaintiff and delete personal information that was inaccurate, incomplete, outdated, or did not belong to Plaintiff.

38. Plaintiff supplied identification and supporting documentation with his dispute package.

39. Plaintiff specifically requested that Defendant Equifax conduct an actual and reasonable reinvestigation of the disputed information.

40. Plaintiff requested that Defendant Equifax provide all relevant information supplied by Plaintiff to the appropriate furnisher or furnishers.

41. Plaintiff requested that Defendant Equifax correct or delete information that was inaccurate, incomplete, misleading, or unable to be verified.

42. Plaintiff also supplied a consumer statement and requested that the statement be placed in Plaintiff's consumer file for disputed information Defendant Equifax did not delete, to the extent required by the FCRA.

43. Plaintiff's September 3, 2026 written dispute, including the marked Equifax consumer-disclosure pages, supporting materials, and USPS proof of mailing and delivery, with protected personal information appropriately redacted for public filing, is attached as **Exhibit A** and incorporated herein.

44. On September 4, 2026, Plaintiff placed his September 3 dispute package into the United States Postal Service under **USPS Tracking Number 9589071052704654957236**. **See Exhibit A.**

45. USPS tracking records establish that Plaintiff's dispute package was delivered to Defendant Equifax's Atlanta, Georgia post-office-box location on **September 7, 2026, at approximately 12:41 p.m. See Exhibit A.**

46. Defendant Equifax therefore received Plaintiff's detailed dispute before issuing its September 10, 2026 response.

## Defendant Equifax's Response To Plaintiff's Detailed Dispute

47. On September 10, 2026, Defendant Equifax issued correspondence concerning Plaintiff's September 3 dispute bearing Confirmation Number **6252605796**, attached hereto as **Exhibit B** and incorporated herein.

48. Defendant Equifax stated that its records showed certain disputed items had previously been disputed at least twice within the preceding ninety days.

49. Defendant Equifax stated that those items had previously been found accurate based upon prior investigations.

50. Defendant Equifax further stated that Plaintiff had not provided **"new, relevant information"** concerning those disputed items.

51. Defendant Equifax therefore informed Plaintiff that it was **closing its investigation** concerning twelve disputed Accounts.

52. The twelve Accounts identified by Defendant Equifax were:

**a. TRUIST BANK ending** 0185;

**b. CAPITAL ONE BANK USA NA ending** 7052;

**c. SECURITY CREDIT SERVICES LLC ending** 4845;

**d. LIGHTSTREAM ending** 8237;

**e. SUNCOAST CREDIT UNION ending** 0100;

f. **SYNCB/AMAZON PLCC ending** 8976;

g. **CB/CCI PL CC ending** 2667;

h. **USAA FEDERAL SAVINGS BANK ending** 2203;

i. **USAA FEDERAL SAVINGS BANK ending** 6755;

j. **SYNCB/SAMS CLUB ending** 3362;

k. **GUARDIANS CREDIT UNION ending** 3413; and

l. **TRUIST BANK ending** 4244.

53. Defendant Equifax stated that other disputed items not included within that list were still being researched.

54. Plaintiff's September 3 dispute was not merely a repetition of a generic request or unsupported demand.

55. Plaintiff identified specific current information appearing directly within Defendant Equifax's own consumer disclosure.

56. Plaintiff provided detailed written explanations and marked pages identifying the particular information Plaintiff disputed.

57. Plaintiff alleges Defendant Equifax failed to reasonably review and consider the specific information Plaintiff actually submitted before determining that Plaintiff had supplied no new relevant information.

58. Plaintiff alleges Defendant Equifax treated the fact that certain Accounts had previously been disputed as a substitute for meaningfully reviewing the specific current information contained in Plaintiff's September 3 dispute.

## Defendant Equifax's Investigation, If Any, Violated The FCRA As The Investigation Was Done Negligently And/Or Intentionally Or Recklessly

59. Plaintiff's disputes were straightforward — Plaintiff identified specific inaccurate, incomplete, contradictory, misleading, missing, and/or unverifiable information concerning the Accounts.

60. Plaintiff also clearly identified the personal identifying information Plaintiff contended was inaccurate or incomplete.

61. Defendant Equifax knew it was required to reasonably reinvestigate disputed information and maintain consumer information in accordance with the FCRA.

62. Plaintiff alleges these fundamental requirements were ignored negligently, recklessly, and/or willfully by Defendant Equifax.

63. Had Defendant Equifax meaningfully reviewed Plaintiff's September 3 dispute, Defendant Equifax would have seen the specific errors, inconsistencies, and missing information Plaintiff identified.

64. A reasonable reinvestigation would have required Defendant Equifax to actually consider the information appearing within its own consumer disclosure and the explanations and marked pages supplied by Plaintiff.

65. Plaintiff alleges Defendant Equifax failed to correct or delete inaccurate, incomplete, misleading, and/or unverifiable information to the extent required by the FCRA.

66. Plaintiff alleges Defendant Equifax's actions fell short of the requirements imposed upon Defendant Equifax to conduct a reasonable reinvestigation.

67. The Accounts were described in detail.

68. The disputed information was described in detail through written explanations and markings on Defendant Equifax's own consumer-disclosure pages.

69. Defendant Equifax therefore knew precisely what information Plaintiff contended was inaccurate, incomplete, contradictory, misleading, missing, and/or unverifiable.

70. Plaintiff alleges Defendant Equifax nevertheless failed to conduct a meaningful and reasonable reinvestigation concerning the disputed information.

71. Plaintiff alleges Defendant Equifax failed to adequately review and consider all relevant information submitted by Plaintiff.

72. Plaintiff alleges Defendant Equifax failed to devote the time, attention, and effort reasonably necessary to fulfill its reinvestigation duties under the FCRA.

73. Defendant Equifax thereafter continued maintaining information concerning Plaintiff that Plaintiff contends was inaccurate, incomplete, contradictory, misleading, and/or unverifiable.

74. Defendant Equifax also continued maintaining inaccurate and/or incomplete personal identifying information concerning Plaintiff.

75. In Plaintiff's September 3 dispute, Plaintiff specifically informed Defendant Equifax that Plaintiff's correct name is **Angel Luis Rosario**.

76. Defendant Equifax's subsequent consumer disclosure nevertheless identified Plaintiff as **"ANGEL L ROSARIO SENIOR."**

77. Plaintiff's correct name is **Angel Luis Rosario**, not **Angel L Rosario Senior**.

78. Defendant Equifax therefore continued maintaining inaccurate and/or incomplete personal identifying information concerning Plaintiff after Plaintiff specifically disputed his personal identifying information.

79. Plaintiff alleges Defendant Equifax negligently, recklessly, and/or willfully failed to satisfy its duties under the FCRA.

## Defendant Equifax Failed To Properly Notify The Furnishers Or, Alternatively, Failed To Conduct Its Own Reasonable Reinvestigation

80. Plaintiff does not presently know whether Defendant Equifax properly provided each furnisher with all relevant information concerning Plaintiff's dispute.

81. Plaintiff therefore alleges that Defendant Equifax failed to properly provide one or more furnishers with all relevant information concerning Plaintiff's dispute or, alternatively, Defendant Equifax did provide the information but nevertheless failed to conduct its own reasonable reinvestigation.

82. Plaintiff pleads these matters alternatively because Defendant Equifax presently possesses the records showing exactly what information was transmitted to each furnisher.

83. Defendant Equifax possesses the electronic dispute transmissions, dispute codes, supporting documents transmitted or omitted, furnisher responses, internal notes, investigation records, and other information showing what Defendant Equifax actually did.

84. These matters will come out in written discovery and deposition testimony.

## Defendant Equifax Continued To Maintain The Disputed Information

85. Following Defendant Equifax's handling of Plaintiff's September 3 dispute, numerous disputed Accounts continued to appear in Plaintiff's Equifax consumer file.

86. Defendant Equifax thereafter produced another consumer disclosure dated **September 29, 2026**, bearing Confirmation Number **6272543366**.

87. Plaintiff alleges inaccurate, incomplete, contradictory, misleading, and/or insufficiently verified information concerning one or more of the Accounts remained within Defendant Equifax's consumer file.

88. Plaintiff alleges Defendant Equifax failed to make all disputed information accurate and complete or to delete information required to be deleted under the FCRA.

89. Plaintiff's inaccurate and/or incomplete personal identifying information also remained.

## Users Of Plaintiff's Equifax Consumer Reports

90. Defendant Equifax prepares and furnishes consumer reports concerning Plaintiff to users of consumer reports.

91. Defendant Equifax's own consumer disclosure reflects third-party inquiry and access activity concerning Plaintiff during the relevant period.

92. Plaintiff's Equifax credit information was accessed by users during the relevant period.

93. Upon information and belief, Defendant Equifax furnished consumer reports concerning Plaintiff containing information relating to one or more of the Accounts.

94. Plaintiff does not presently possess Defendant Equifax's complete records identifying every user, every date on which a consumer report was furnished, or the precise contents of every report furnished.

95. Those records are presently within Defendant Equifax's possession or control.

96. The exact identities of users and details concerning publications of Plaintiff's consumer reports will come out in written discovery and deposition testimony.

97. Plaintiff alleges Defendant Equifax knew that inaccurate, incomplete, contradictory, misleading, and/or unverifiable information should not remain in consumer reports unless properly verified and maintained in accordance with the FCRA.

98. Plaintiff alleges Defendant Equifax nevertheless continued maintaining disputed information after receiving Plaintiff's detailed dispute.

99. By allowing inaccurate, incomplete, contradictory, misleading, and/or unverifiable information concerning the Accounts to remain in Plaintiff's consumer reporting, Defendant Equifax created or allowed a misleading picture of Plaintiff to appear to users of Defendant Equifax's consumer reports.

100. The same is true concerning Defendant Equifax's maintenance of inaccurate and/or incomplete personal identifying information concerning Plaintiff.

## Defendant Equifax Refused And/Or Failed To Accept Plaintiff's Consumer Statement

101. Plaintiff specifically requested that a statement be added to Plaintiff's consumer file concerning disputed information Defendant Equifax did not delete, to the extent permitted and required under the FCRA.

102. Plaintiff supplied the exact consumer statement he requested Defendant Equifax place in Plaintiff's file.

103. Plaintiff's submitted statement contained fewer than one hundred words.

104. Defendant Equifax did not delete all of the information Plaintiff disputed.

105. Defendant Equifax did not place Plaintiff's submitted consumer statement in Plaintiff's file.

106. Defendant Equifax's September 29, 2026 consumer disclosure contained a section identified as **"Consumer Statement."**

107. Defendant Equifax expressly stated:

**"No Statement on file."**

108. Plaintiff alleges Defendant Equifax therefore possessed Plaintiff's request for a consumer statement but failed to place the requested statement in Plaintiff's consumer file to the extent required by the FCRA.

109. Defendant Equifax did not provide Plaintiff with an adequate explanation for why Plaintiff's submitted statement was not placed in Plaintiff's file.

## Damages Suffered By Plaintiff Due To The Actions Of Defendant Equifax

110. Plaintiff has suffered actual damages because of Defendant Equifax's actions and omissions.

111. Plaintiff has suffered anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, and other negative emotions.

112. Plaintiff has suffered damage to his credit and creditworthiness.

113. Plaintiff has suffered economic loss to the extent established through the evidence.

114. Plaintiff has expended substantial personal time reviewing Defendant Equifax's consumer disclosures, identifying disputed information, preparing disputes, marking report pages, assembling supporting documentation,

reviewing Defendant Equifax's responses, and attempting to cause Defendant Equifax to maintain accurate and complete information.

115. Plaintiff has incurred costs and expenses attempting to resolve Defendant Equifax's reporting.

116. Plaintiff has suffered past damages and continues to suffer damages to the extent proximately caused by Defendant Equifax's violations.

117. The full nature and amount of Plaintiff's damages will be presented to the trier of fact.

118. All actions and omissions by any employee or agent of Defendant Equifax described herein were taken within the line and scope of such employment or agency relationship.

## CAUSE OF ACTION

## COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)

119. Plaintiff adopts and incorporates the preceding allegations as though fully set forth herein.

120. Defendant Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

121. Defendant Equifax prepared and furnished consumer reports concerning Plaintiff.

122. Plaintiff's Equifax credit information was accessed by users during the relevant period.

123. Upon information and belief, users obtained consumer reports containing information concerning one or more of the Accounts.

124. Plaintiff notified Defendant Equifax directly of disputes concerning the completeness and accuracy of the Accounts and Plaintiff's personal identifying information.

125. Plaintiff alleges Defendant Equifax failed to maintain and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer reports concerning the Accounts.

126. Defendant Equifax continued maintaining information concerning the Accounts after receiving Plaintiff's detailed dispute.

127. Plaintiff alleges Defendant Equifax allowed inaccurate, incomplete, contradictory, misleading, and/or insufficiently verified information concerning one or more Accounts to remain to the extent established by the evidence.

128. The same is true concerning inaccurate and/or incomplete personal identifying information maintained by Defendant Equifax concerning Plaintiff.

129. Defendant Equifax's subsequent consumer disclosure continued to identify Plaintiff as **"ANGEL L ROSARIO SENIOR"** despite Plaintiff having identified his correct name as **Angel Luis Rosario**.

130. Plaintiff alleges Defendant Equifax's conduct caused or contributed to misleading information concerning Plaintiff being made available to users of Defendant Equifax's consumer reports.

131. Defendant Equifax's actions and omissions were negligent.

132. Plaintiff further alleges Defendant Equifax's actions and omissions were willful and/or reckless and in disregard of Defendant Equifax's obligations under the FCRA.

133. Defendant Equifax's violations proximately caused the injuries and damages alleged in this Complaint.

134. Defendant Equifax has proximately caused Plaintiff monetary loss, damage to Plaintiff's credit and creditworthiness, mental distress, emotional anguish, and other damages that will be presented to the trier of fact.

# COUNT II

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i

135. Plaintiff adopts and incorporates paragraphs 1 through 118 as though fully set forth herein.

136. Defendant Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

137. Plaintiff directly notified Defendant Equifax of disputes concerning the completeness and accuracy of the Accounts and Plaintiff's personal identifying information.

138. Plaintiff clearly identified the Accounts and the disputed information.

139. Plaintiff submitted detailed written explanations and marked consumer-disclosure pages supporting his disputes.

140. Plaintiff also specifically identified his correct personal information, including his correct name, **Angel Luis Rosario**.

141. Defendant Equifax was required to conduct a reasonable reinvestigation of qualifying disputed information.

142. Defendant Equifax was required to review and consider all relevant information Plaintiff submitted.

143. Defendant Equifax was required to provide the appropriate furnisher or furnishers with all relevant information concerning Plaintiff's dispute as required by the FCRA.

144. Defendant Equifax closed its investigation concerning twelve disputed Accounts based upon its assertion that Plaintiff had supplied no new relevant information.

145. Plaintiff alleges Defendant Equifax failed to reasonably review and consider the specific current information Plaintiff actually submitted with his September 3 dispute.

146. Defendant Equifax failed to conduct a proper and reasonable reinvestigation.

147. Defendant Equifax failed to adequately review and consider all relevant information submitted by Plaintiff.

148. Defendant Equifax failed to properly provide one or more furnishers with all relevant dispute information or, alternatively, Defendant Equifax provided that information but nevertheless failed to conduct its own reasonable reinvestigation.

149. Plaintiff alleges Defendant Equifax failed to correct or delete inaccurate, incomplete, and/or unverifiable information to the extent required by the FCRA.

150. Defendant Equifax also failed to correct Plaintiff's inaccurate and/or incomplete personal identifying information.

151. Defendant Equifax's subsequent consumer disclosure continued identifying Plaintiff as **"ANGEL L ROSARIO SENIOR."**

152. Plaintiff's correct name is **Angel Luis Rosario**.

153. Defendant Equifax refused and/or failed to add Plaintiff's submitted consumer statement to Plaintiff's file to the extent required by the FCRA.

154. Defendant Equifax's subsequent consumer disclosure expressly stated **"No Statement on file."**

155. Defendant Equifax continued maintaining disputed information concerning Plaintiff after receiving Plaintiff's detailed dispute.

156. Defendant Equifax's acts and omissions were negligent.

157. Plaintiff further alleges Defendant Equifax acted willfully and/or recklessly in disregard of Plaintiff's rights under the FCRA.

158. Defendant Equifax's violations include, but are not limited to:

   **a.** failing to conduct a reasonable reinvestigation;

   **b.** failing to adequately review and consider all relevant information submitted by Plaintiff;

c. failing to properly communicate all relevant dispute information to one or more furnishers or, alternatively, failing to reasonably evaluate the information received;

d. closing the investigation concerning twelve disputed Accounts without reasonably addressing Plaintiff's specific current dispute information;

e. failing to correct or delete inaccurate, incomplete, and/or unverifiable information to the extent required by the FCRA;

f. failing to correct inaccurate and/or incomplete personal identifying information after receiving direct notice of Plaintiff's correct information;

g. continuing to maintain disputed information after receiving Plaintiff's direct and detailed dispute; and

h. failing and/or refusing to place Plaintiff's submitted consumer statement in Plaintiff's consumer file to the extent required by the FCRA.

159. Defendant Equifax's violations proximately caused the injuries and damages alleged in this Complaint.

160. Defendant Equifax has proximately caused Plaintiff monetary loss, damage to Plaintiff's credit and creditworthiness, mental distress, emotional anguish, loss of time, and other damages that will be presented to the trier of fact.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff **Angel Luis Rosario** respectfully requests that judgment be entered against Defendant **Equifax Information Services LLC** for all damages and relief allowable under law, including:

**a.** Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

**b.** Statutory damages to the extent permitted for willful noncompliance pursuant to 15 U.S.C. § 1681n;

**c.** Punitive damages to the extent established for willful noncompliance pursuant to 15 U.S.C. § 1681n;

**d.** Taxable costs to the extent authorized by law;

**e.** Prejudgment and post-judgment interest to the extent authorized by law; and

**f.** Such other and further relief as this Court deems just and proper.

# PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**/s/ Angel Luis Rosario**
**ANGEL LUIS ROSARIO**
Plaintiff, Pro Se
130 Thousand Oaks Blvd
Davenport, Florida 33896
**Phone:** (561) 618-7459
**Email:** Angel_Rosario02@outlook.com

Signature: AR

Date: 10/01/2026

# ATTACHED EXHIBIT

**EXHIBIT A**

Plaintiff's September 3, 2026 detailed written dispute to Defendant Equifax, including marked consumer-disclosure pages, supporting materials, and **USPS Tracking No. 9589071052704654957236** reflecting delivery to Defendant Equifax on September 7, 2026.

**EXHIBIT B**

Defendant Equifax's September 10, 2026 correspondence to Plaintiff, **Confirmation No. 6252605796.**